UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| BAE SYSTEMS INFORMATION AND ELECTRONICS SYSTEMS INTEGRATION INC.<br><br>                Plaintiff,<br><br>v.<br><br>SPACEKEY COMPONENTS, INC.<br><br>                Defendant. | Civil Action No.  10-CV-370-LM |

## AMENDED COMPLAINT

**NOW COMES** plaintiff BAE Systems Information and Electronics Systems Integration Inc. ("BAE Systems"), by and through its attorneys, Devine, Millimet & Branch, Professional Association, and complains against defendant SpaceKey Components, Inc. as follows:

## NATURE OF THE CASE

This dispute arises out of the defendant's failure to pay for goods it purchased from BAE Systems, and BAE Systems' right to terminate various purchase orders as a result of the defendant's non-payment.  BAE Systems also brings this action to obtain a declaratory judgment that it has terminated a consulting agreement with the defendant and that it owes the defendant no fees under the terminated agreement.  Although the parties' contracts provide termination as a remedy to BAE Systems, the defendant has nonetheless threatened BAE Systems with litigation for exercising those remedies.

**PARTIES**

1. BAE Systems is a Delaware corporation with offices located at 65 Spit Brook Road, Nashua, New Hampshire 03061.

2. SpaceKey Components, Inc. ("SpaceKey"), is a Virginia corporation with offices located at 1239 Lawson Cove Circle, Virginia Beach, Virginia 23455.

**JURISDICTION**

3. Jurisdiction is based on 28 U.S.C. § 1332(a)(1), which grants this Court original jurisdiction over actions between citizens of different states when the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events or omissions giving rise to the claims occurred here.

**ALLEGATIONS COMMON TO ALL COUNTS**

BAE Systems' Terms of Sale

5. BAE Systems sells specialized goods and services to buyers in the defense, security and aerospace industries.

6. Prior to purchasing goods from BAE Systems, all buyers are asked to accept BAE Systems' Terms of Sale, which set forth certain rights of BAE Systems and obligations of buyers.

7. Until recently, SpaceKey was a buyer of BAE Systems' goods.  As a buyer, SpaceKey agreed to be bound by BAE Systems' Terms of Sale, and all purchase orders it submitted were subject to the Terms of Sale.

8. The Terms of Sale provide, among other things, that no order or agreement for the purchase from, and sale by, BAE Systems of goods and services becomes a contract unless

accepted by BAE Systems. In addition, when BAE Systems accepts a purchase order, the buyer is required to pay for goods the earlier of net thirty (30) days from the date of BAE Systems' invoice or upon delivery of the goods. Should the buyer fail to make timely payment, BAE Systems is entitled to (i) defer shipment of goods under the contract or any other contract with the buyer, (ii) require payment before delivery of the goods, and/or (iii) terminate the order. In addition, the buyer is liable for all damages and losses to BAE Systems resulting from the buyer's payment default, including loss of reasonable profits, and for costs and expenses, including attorneys' fees sustained by BAE Systems.

The Accepted Purchase Orders

9. In December 2009 and January 2010, SpaceKey submitted to BAE Systems three (3) purchase orders for goods. The purchase orders were identified as SKC122309, SKC1610, and SKC12508.

10. BAE Systems accepted the purchase orders and delivered the goods to SpaceKey along with invoices totaling $1,851,755.00. BAE Systems completed delivery of the goods and invoices no later than January 14, 2010.

11. More than 30 days have passed since BAE Systems delivered the goods to SpaceKey and the outstanding balance on SpaceKey's account remains at $1,851,755.00. Despite BAE Systems' repeated demands, SpaceKey has failed and refused to pay the amount due on its account.

The Rejected And/Or Terminated Purchase Orders

12. After taking delivery of the goods under the accepted purchase orders, some purchase orders remained open and SpaceKey tendered to BAE Systems additional purchase

orders for goods.  Among these purchase orders were SKC61808, SKC127309, SKC172710, SKC71510, SKC71610 SKC12010(B), and SKC11310.

13. BAE Systems initially notified SpaceKey that it would accept some of these purchase orders.  When Space Key failed to timely pay for the goods already delivered, and because of Space Key's unfavorable credit information, BAE Systems imposed the condition that SpaceKey provide payment in advance for the goods.  This condition of delivery was consistent with BAE Systems' rights under the Terms of Sale.

14. SpaceKey refused to provide advance payment for the goods.  As a result, BAE Systems has rejected and/or terminated all of the purchase orders and will not accept any further purchase orders from Space Key.

15. SpaceKey disputes BAE Systems' right to demand payment for the goods in advance.  It also claims that BAE Systems is obligated to accept and fulfill the purchase orders.

The Consulting Agreement

16. On July 8, 2004, BAE Systems entered into an agreement with SpaceKey entitled "Domestic Business Development Consulting Agreement" (the "Agreement").

17. Under the Agreement, SpaceKey agreed to advise and assist BAE Systems in identifying suitable, financially qualified buyers of BAE Systems' products in the States of Connecticut and Maryland and in the Commonwealth of Virginia (the "Territory").  In exchange, BAE Systems agreed to pay SpaceKey a fee equal to five per cent (5%) of the Net Sales Prices of Products sold to buyers in the Territory identified by SpaceKey.  BAE Systems retained sole discretion to accept the purchase orders submitted by the buyers identified by SpaceKey and SpaceKey's fee only became due once BAE Systems accepted the purchase orders and received full payment from the buyers.

18. The Agreement renewed automatically on an annual basis from 2004 to 2009.

19. During that time, SpaceKey fell into a practice of delivering purchase orders to BAE Systems in which it identified itself as the "buyer" for BAE Systems products. SpaceKey would take delivery of the products from BAE Systems and resell them to end users at a mark-up. SpaceKey also charged its fee under the Agreement for the sale, even though it had identified itself as the ostensible buyer.

20. By letter dated December 10, 2009, BAE Systems notified SpaceKey that it was terminating the Agreement. BAE Systems' notice was made pursuant to Section 12 of the Agreement, which permits either party to terminate the agreement without cause with 60 days written notice to the other party.

21. BAE Systems' letter identified January 31, 2010 as the effective date for termination of the Agreement. The letter also advised SpaceKey that it would not be paid fees for any sales arranged after the termination date.

22. As a result of BAE Systems' notice, the Agreement terminated January 31, 2010, and, in all events, no later than February 8, 2010.

23. Following BAE Systems' notice terminating the Agreement, SpaceKey continued to submit purchase orders to BAE Systems in which it identified itself as a buyer. It submitted purchase orders prior to January 31, 2010, as well as in April and July 2010.

24. BAE Systems completed a partial sale of product to SpaceKey under one of the purchase orders SpaceKey submitted prior to January 31, 2010. BAE Systems did not complete any other sales to SpaceKey under the purchase orders SpaceKey submitted after December 10, 2009.

25.     SpaceKey has asserted that BAE's notice terminating the Agreement was ambiguous and untimely.  SpaceKey has further contended that the Agreement renewed for another year beginning February 1, 2010.

26.     SpaceKey has also demanded that it be paid fees in excess of $75,000 under the Agreement.

## COUNT I
## DECLARATORY JUDGMENT – PURCHASE ORDERS

27.     BAE Systems repeats, realleges and incorporates herein by reference each and every preceding paragraph as though fully set forth herein.

28.     BAE Systems has rejected and/or terminated purchase orders submitted by SpaceKey, including purchase orders SKC61808, SKC127309, SKC172710, SKC71510, SKC71610, SKC12010(B) and SKC11310, and it will not accept any other purchase orders from SpaceKey.  The Terms of Sale permit BAE Systems' to reject the purchase orders, and to terminate any further relationship with SpaceKey as a buyer of BAE Systems goods.

29.     SpaceKey contends that BAE Systems is obligated to accept and fulfill said purchase orders without requiring SpaceKey to furnish payment in advance.

30.     An actual and present controversy exists between BAE Systems and SpaceKey regarding the rejection/termination of the purchase orders and BAE Systems' obligation to accept other purchase orders SpaceKey submits.

31.     Accordingly, BAE Systems respectfully requests the Court issue a declaratory judgment that BAE Systems has rightfully rejected and/or terminated the purchase orders and that BAE Systems owes no obligation to SpaceKey to accept any other purchase orders it may submit.

32. BAE Systems also respectfully requests an award of its costs and attorneys' fees for having to seek this declaratory relief.

## COUNT II
## DECLARATORY JUDGMENT – THE AGREEMENT

33. BAE Systems realleges and reaffirms all of the preceding allegations as if set forth fully herein.

34. An actual and present controversy exists between BAE Systems and SpaceKey regarding the termination of the Agreement and SpaceKey's right to fees under the Agreement.

35. BAE Systems seeks a declaration (i) that the Agreement terminated no later than February 8, 2010, and (ii) that SpaceKey is not entitled to any fees under the Agreement.

## COUNT III
## ACTION FOR ACCOUNT STATED

36. BAE Systems repeats, realleges and incorporates herein by reference each and every preceding paragraph as though fully set forth herein.

37. SpaceKey presently owes BAE Systems $1,851,755.00, exclusive of any interest, costs or attorney's fees, on an undisputed account for the three (3) purchase orders BAE Systems accepted and filled, i.e., SKC122309, SKC1610, and SKC12508.

38. BAE Systems is entitled to judgment in the amount of $1,851,755.00, plus interest, costs, and attorney's fees as provided by BAE Systems' Terms of Sale as well as all other damages allowable under the law.

## COUNT IV
## BREACH OF CONTRACT

39. BAE Systems repeats, realleges and incorporates herein by reference each and every preceding paragraph as if fully set forth herein.

40.     Space Key's purchase of goods from BAE Systems under the three (3) accepted purchase orders (SKC122309, SKC1610, and SKC12508) and pursuant to BAE Systems Term of Sale constituted a contract between BAE Systems and SpaceKey.

41.     Among other terms, the contract required that SpaceKey pay BAE Systems for the goods it purchased the earlier of net thirty (30) days from the date of BAE Systems' invoice or upon delivery of the goods.  Furthermore, in the event of payment default by SpaceKey, the contract requires that SpaceKey pay BAE Systems' cost of collection, including court costs, filing fees and attorney's fees.

42.     BAE Systems has performed all of its obligations under the contract.

43.     SpaceKey's failure and refusal to pay all amounts due within the time required by the contract constitutes a material breach of that contract.

44.     BAE Systems is entitled to damages caused by SpaceKey's breach of contract including, but not limited to, judgment in the amount of $1,851,755.00, plus interest, costs, and attorney's fees as well as all other damages allowable under the law.

## COUNT V
## QUANTUM MERUIT

45.     BAE Systems repeats, realleges and incorporates herein by reference each and every preceding paragraph as though fully set forth herein.

46.     BAE Systems provided valuable goods to SpaceKey for SpaceKey's benefit, with a reasonable value of $1,851,755.00.  BAE Systems is entitled to payment for the reasonable value of the goods it provided to SpaceKey, but SpaceKey has failed to pay BAE Systems such an amount.

47.     BAE Systems has been damaged by SpaceKey's failure to pay, as more fully described above.

48. BAE Systems is entitled to judgment equal to the reasonable value of the goods it delivered to SpaceKey, plus interest, costs and attorney's fees as well as all other damages allowable under the law.

## COUNT VI
## UNJUST ENRICHMENT

49. BAE Systems repeats, realleges and incorporates herein by reference each and every preceding paragraph as though fully set forth herein.

50. SpaceKey has received a benefit from BAE Systems as more fully described above.

51. SpaceKey has retained this benefit and has failed and refused to fully pay BAE Systems for this benefit.

52. It would be inequitable to permit SpaceKey to retain the benefit received by it from BAE Systems under these circumstances, without payment by SpaceKey to BAE Systems of the value it has received from BAE Systems.

53. BAE Systems is entitled to judgment equal to the value of the benefit received by SpaceKey, $1,851,755.00, plus interest, costs and attorney's fees as well as all other damages allowable under the law.

WHEREFORE, BAE Systems respectfully requests this Honorable Court:

A. Grant BAE Systems a declaratory judgment that it properly rejected and/or terminated the purchase orders of SpaceKey, including purchase orders SKC6108, SKC127309, SKC172710, SKC71510, SKC71610 SKC12010(B), and SKC11310 and that it owes no obligation to SpaceKey to accept any other purchase orders;

B. Grant BAE Systems a declaratory judgment that the Agreement terminated no later than February 8, 2010, and that SpaceKey is not entitled to any fees under the Agreement;

C. Enter judgment for BAE Systems on its claims against SpaceKey for account stated, breach of contract, quantum meruit, and unjust enrichment;

D.  Award BAE Systems damages of $1,81,755.00, plus interest, costs, and attorneys' fees; and

E.  Grant BAE Systems such other and further relief as this Court deems just and equitable.

        Respectfully submitted,

        BAE SYSTEMS INFORMATION AND
        ELECTRONICS SYSTEMS
        INTEGRATION INC.

        By its attorneys,

        DEVINE, MILLIMET & BRANCH, P.A.

Dated: November 23, 2010        /s/ Daniel E. Will
        Daniel E. Will, Esq. (Bar No. 12176)
        Jonathan M. Shirley, Esq. (Bar No. 16494)
        111 Amherst Street
        Manchester, NH 03101
        (603) 669-1000