UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| BAE SYSTEMS INFORMATION AND ELECTRONICS SYSTEMS INTEGRATION INC.<br><br>                Plaintiff,<br><br>v.<br><br>SPACEKEY COMPONENTS, INC.<br><br>                Defendant. | Civil Action No.  10-CV-370-LM |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIMS AT COUNTS THREE AND FOUR**

NOW COMES plaintiff BAE Systems Information and Electronics Systems Integration Inc. ("BAE Systems"), by and through its attorneys, Devine, Millimet & Branch, P.A., and respectfully moves pursuant to Fed. R. Civ. P. 56 for summary judgment on Defendant's counterclaims at Counts Three and Four.  In support of this Motion, BAE Systems states as follows:

      1.      Defendant SpaceKey Components, Inc. ("SpaceKey") ordered specialized semiconductor integrated circuits from BAE Systems pursuant to detailed purchase orders and very specific terms and conditions, and based on upon contracts SpaceKey had in place with its customers.

      2.      BAE Systems delivered all of the semiconductors ordered by SpaceKey and SpaceKey resold all of the semiconductors to its customers for a very significant profit.

      3.      SpaceKey still owes BAE Systems $1.8 million for the semiconductors, but SpaceKey refuses to pay the outstanding balance.  Instead, in count three and four of its

counterclaims, SpaceKey asserts claims for misrepresentation and breach of warranty based on allegations that the semiconductors did not meet specifications that BAE Systems originally promised.

4. BAE Systems now moves for summary judgment on SpaceKey's counterclaims at Counts Three and Four. Not only did SpaceKey suffer no damages, SpaceKey expressly agreed in its contract with BAE Systems that its remedies would be limited to return the goods within one year of the date of delivery for repair or replacement or for a return of the purchase price (to the extent previously collected by BAE Systems). SpaceKey also agreed that it would pay for the parts unconditionally, without recourse, setoff or discount. SpaceKey, in other words, could either return the semiconductors or pay for them.

5. In light of SpaceKey's limited remedies and the absence of any damages, SpaceKey's counterclaims at Counts Three and Four fail as a matter of law and summary judgment must be entered in favor of BAE Systems.

6. In further support of this Motion, BAE Systems refers the Court to the Memorandum of Law filed in support of this Motion, which BAE Systems incorporates herein by reference. L.R. 7.1(a)(2).

7. Due to the dispositive nature of the relief sought by this Motion, BAE Systems did not seek assent of the defendant. L.R. 7.1(c).

WHEREFORE, BAE Systems respectfully requests this Honorable Court:

A. Grant summary judgment to BAE Systems on the defendant's counterclaims at Counts Three and Four; and

B. Grant to BAE Systems such other and further relief as this Court deems just and equitable.

Respectfully submitted,

**BAE SYSTEMS INFORMATION AND ELECTRONICS SYSTEMS INTEGRATION INC.**

By its attorneys,

**DEVINE, MILLIMET & BRANCH, P.A.**

Dated: July 1, 2011
/s/ Jonathan M. Shirley
Daniel E. Will, Esq. (Bar No. 12176)
Jonathan M. Shirley, Esq. (Bar No. 16494)
111 Amherst Street
Manchester, NH 03101
(603) 669-1000

**CERTIFICATE OF SERVICE**

I, Jonathan M. Shirley, hereby certify that a copy of the foregoing Plaintiff's Motion for Summary Judgment on Defendant's Counterclaims at Counts Three and Four was this day served via the Court's Electronic Filing System on counsel for the defendant.

/s/ Jonathan M. Shirley
Jonathan M. Shirley