UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| BAE SYSTEMS INFORMATION AND ELECTRONICS SYSTEMS INTEGRATION INC.<br><br>                Plaintiff,<br><br>v.<br><br>SPACEKEY COMPONENTS, INC.<br><br>                Defendant. | Civil Action No.  10-CV-370-LM |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S COUNTS I AND II AND DEFENDANT'S COUNTERCLAIMS COUNT ONE AND TWO**

      NOW COMES plaintiff BAE Systems Information and Electronics Systems Integration Inc. ("BAE Systems"), by and through its attorneys, Devine, Millimet & Branch, Professional Association, and respectfully moves for summary judgment on plaintiff's Counts I and II and on defendant's counterclaims Count One and Two.  In support of this motion, BAE Systems states as follows:

      1.     This action involves two principal disputes between the parties.  The first dispute concerns SpaceKey Components, Inc.'s ("SpaceKey") obligation to pay BAE Systems for goods that it purchased from BAE Systems and resold to its own customers for significant profit (including semiconductors called "FPGAs"), but which SpaceKey now claims did not meet specifications.  The second dispute concerns BAE Systems' decision to terminate its business relationship with SpaceKey and to cease all sales to SpaceKey, a decision SpaceKey contends breached the parties' contracts.  This motion for summary judgment concerns the second dispute.

1

2.BAE Systems and SpaceKey were parties to a consultant agreement ("Agreement") formed in 2004 in which SpaceKey agreed to find and refer financially qualified buyers to BAE Systems to purchase goods and, in exchange, BAE Systems agreed to pay a commission for any completed sales to the buyers SpaceKey referred.

3.The Agreement contemplated that BAE Systems would contract directly with the buyers to complete the sale transactions, with SpaceKey merely earning a commission. In practice, however, SpaceKey served as a middleman between BAE Systems and the end users. It purchased goods directly from BAE Systems as the "buyer" and then resold the goods at a markup to the end users.

4.In this way, SpaceKey served two roles in its dealings with BAE Systems. First, it was as a buyer of BAE Systems goods, submitting purchase orders and entering sales contracts with BAE Systems pursuant to standard terms of sale, and then reselling the goods to end users. Second, it earned a commission under the Agreement for each sale transaction between itself and BAE Systems.

5.In December 2009, BAE Systems provided SpaceKey notice of termination of the Agreement without cause, as the Agreement allowed, and that BAE Systems would not accept any purchase orders from SpaceKey after the termination became effective.

6.At the time of the termination, BAE Systems was preparing to deliver goods to SpaceKey pursuant to several pending purchase orders. SpaceKey had fallen behind in payment, and when SpaceKey failed to timely pay BAE Systems in the spring of 2010 for the FPGAs and others goods it had purchased, BAE Systems suspended delivery on the pending purchase orders and, later, canceled them. BAE Systems also refused to accept any additional purchase orders

from SpaceKey. BAE Systems terms of sale expressly permitted BAE Systems to suspend delivery and cancel purchase orders under these circumstances.

7. BAE Systems seeks summary judgment on Counts I and II of its Amended Complaint for a declaratory judgment that the Agreement is terminated and that BAE Systems owes no further obligations to SpaceKey, either under the Agreement or under the purchase orders it canceled and/or refused to accept. BAE Systems is entitled to summary judgment because, as set forth below, the undisputed facts establish that the Agreement is terminated not simply because BAE Systems properly invoked its right to do so, but also because SpaceKey failed to maintain its corporate existence between 2006 and 2011. It is also undisputed that BAE Systems properly exercised its rights under the parties' terms of sale to cancel the pending purchase orders and to refuse to accept other purchase orders SpaceKey proffered, particularly since SpaceKey has defaulted in its payment obligations.

8. By this motion, BAE Systems also seeks summary judgment on SpaceKey's counterclaim Count One, which alleges that BAE Systems breached its contractual obligations to SpaceKey by terminating the Agreement and by canceling and/or refusing to accept SpaceKey's purchase orders. BAE Systems prevails as a matter of law on its claims for declaratory judgment that it properly terminated all aspects of its relationship with SpaceKey, so it cannot be liable to SpaceKey for those same acts under a theory of breach of contract.

9. Finally, BAE Systems seeks summary judgment on SpaceKey's counterclaim Count Two, which alleges that SpaceKey is still due commissions under the Agreement related to purchase order SKC12508 (the FPGAs) as well as for an assortment of other allegedly completed sales. It is undisputed that SpaceKey unlawfully continued operations as a corporation following its termination on June 30, 2006. As a result of such unlawful conduct,

SpaceKey automatically forfeited whatever commissions may have been due under the Agreement.

10. BAE Systems respectfully refers the Court to its supporting memorandum of law, filed herewith, which BAE Systems incorporates herein by reference.

11. Due to the nature relief sought herein, the assent of SpaceKey was not obtained prior to filing this motion.

WHEREFORE, BAE Systems respectfully requests that this Honorable Court:

A. Grant Summary Judgment to BAE Systems on plaintiff's Counts I and II;

B. Enter a declaratory judgment that BAE Systems (i) properly terminated the Agreement, (ii) properly terminated the purchase orders it accepted from SpaceKey but later terminated (SKC61808, SKC122710, SKC1130), and (iii) owes no obligation to SpaceKey for purchase orders submitted after February 8, 2010 that it did not accept (SKC32610, SKC12010, SKC42210, SKC71510, and SKC71610); and

C. Grant summary judgment to BAE Systems on SpaceKey's counterclaims Count One and Two.

Respectfully submitted,

**BAE SYSTEMS INFORMATION AND ELECTRONICS SYSTEMS INTEGRATION INC.**

By its attorneys,

**DEVINE, MILLIMET & BRANCH, P.A.**

Dated: October 17, 2011
/s/ Jonathan M. Shirley
Daniel E. Will, Esq. (Bar No. 12176)
Jonathan M. Shirley, Esq. (Bar No. 16494)
Joshua M. Wyatt, Esq. (Bar No. 18603)
111 Amherst Street
Manchester, NH 03101
(603) 669-1000
dwill@devinemillimet.com
jshirley@devinemillimet.com
jwyatt@devinemillimet.com

**CERTIFICATE OF SERVICE**

  I, Jonathan M. Shirley, hereby certify that a copy of the foregoing Plaintiff's Motion for Summary Judgment on Plaintiff's Counts I and II and Defendant's Counterclaims Counts One and Two was this day served via the Court's Electronic Filing System on counsel for the defendant.

                  /s/ Jonathan M. Shirley
                  Jonathan M. Shirley