UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

BAE SYSTEMS INFORMATION AND
ELECTRONICS SYSTEMS INTEGRATION
INC.

          Plaintiff,

v.

SPACEKEY COMPONENTS, INC.

          Defendant.

Civil Action No. 10-CV-370-LM

**PLAINTIFF'S FINAL PRETRIAL STATEMENT**

Plaintiff BAE Systems Information and Electronics Integration Inc. ("BAE Systems"), by and through its attorneys, Devine Millimet & Branch, Professional Association, respectfully submits the following Final Pretrial Statement pursuant to Local Rule 16.2(a).

**I.    ASSENTED-TO STATEMENT OF THE CASE**

The Court has issued two orders on motions for summary judgment filed by BAE Systems in this action. As a result of those orders, the issues to be resolved at trial have been narrowed to three.

The first is a dispute over purchase order SKC12508 and BAE Systems' delivery of flight RH1280B field programmable gate arrays ("FPGAs") to SpaceKey in 2009 and 2010. BAE Systems seeks to recover the balance under purchase order SKC12508 that remains unpaid by SpaceKey as well as the costs and attorneys' fees it has incurred to pursue collection of this amount. (Amended Complaint Counts III, IV, V, IV.) SpaceKey contends it is entitled to

1

damages because the flight RH1280B FPGAs BAE Systems delivered did not conform to BAE's express warranties. (Counterclaim Count Four.)

The second issue concerns the parties' rights and obligations with respect to purchase orders BAE Systems accepted from SpaceKey prior to the termination of the Consultant Agreement on February 8, 2010. BAE Systems refused to fill these accepted purchase orders and eventually terminated them. BAE Systems seeks a declaratory judgment that it properly terminated three unfilled purchase orders pursuant to its rights under the applicable terms of sale. (Amended Complaint Count I.) SpaceKey contends that BAE Systems accepted five purchase orders prior to February 8, 2010 (not three), that BAE Systems improperly refused to fill these purchase orders, and that it is entitled to the benefit of the bargain damages it suffered as a result.

The third and final issue concerns the amount, if any, SpaceKey is due for commissions under the Consultant Agreement. BAE Systems seeks a declaratory judgment that it owes no commissions and, in particular, that whatever commissions may have once been owed under purchase order SKC12508 have been offset by the costs and attorneys' fees BAE Systems has already incurred in this litigation to collect the outstanding balance owed for SKC12508. (Amended Complaint Count II.) BAE Systems contends this offset is expressly authorized under the Consultant Agreement. SpaceKey seeks a damage award for the commissions allegedly due under SKC12508 as well as for commissions on an assortment of other sale transactions that were completed – or should have been completed – between 2008 and 2010. (Counterclaim Count Two.)

The parties dispute the claims and defenses of the other.

II.     **WITNESS LIST**

The following witnesses are expected to testify for BAE Systems:

1. Donald Francis
   BAE Systems
   9300 Wellington Road
   Manassas, Virginia 20110-4122
   703.361.1471

2. David Rea
   BAE Systems
   9300 Wellington Road
   Manassas, Virginia 20110-4122
   703.361.1471

3. Lawrence Reed, Ph.D.
   BAE Systems
   9300 Wellington Road
   Manassas, Virginia 20110-4122
   703.361.1471

The following witnesses may be called to testify by BAE Systems if the need arises:

1. Timothy Scott
   540.376.1698
   (no other contact information is presently available)

2. Jacqueline Cole
   BAE Systems
   9300 Wellington Road
   Manassas, Virginia 20110-4122
   703.361.1471

3. Ronald Brown
   BAE Systems
   9300 Wellington Road
   Manassas, Virginia 20110-4122
   703.361.1471

4. Paul Nixon
   BAE Systems
   9300 Wellington Road
   Manassas, Virginia 20110-4122
   703.361.1471

     5. Any witness identified on defendant's witness list.

### III. WAIVER OF CLAIMS OR DEFENSES

No claims or defenses asserted by BAE Systems are waived.

### IV. DEPOSITIONS TO BE READ INTO EVIDENCE

BAE Systems may read into evidence the testimony of William Key given at his depositions on November 21-22, 2011 and December 10, 2012.

### V. EXHIBIT LIST

The exhibits BAE Systems will and may introduce at trial are identified at Appendix A submitted hereto.

### VI. STATEMENT OF SPECIAL DAMAGES

To the extent they are deemed special damages, BAE Systems is claiming damages of $1,802,500, plus the costs of collection, including attorneys' fees, and all interest that has accrued on such amounts. BAE Systems has already been awarded judgment against the defendant in the amount $51,757, which is not included in this statement of damages.

### VII. ATTORNEYS' FEES CLAIMED

BAE Systems asserts a claim to recover all costs of collection, including attorneys' fees, it has incurred to collect the debt owed to it by the defendant. BAE Systems is entitled to recover such costs and fees pursuant to the applicable BAE Systems Terms of Sale, which the parties accepted and agreed governed all their transactions.

### VIII. REQUEST FOR VIEW

BAE Systems does not request a view.

### IX. LENGTH OF TRIAL

BAE Systems estimates the length of trial will be 4 to 5 days.

Respectfully submitted,

**BAE SYSTEMS INFORMATION AND ELECTRONICS SYSTEMS INTEGRATION INC.**

By its attorneys,

**DEVINE, MILLIMET & BRANCH, P.A.**

Dated: February 21, 2012  /s/ Jonathan M. Shirley
Daniel E. Will, Esq. (Bar No. 12176)
Jonathan M. Shirley, Esq. (Bar No. 16494)
Joshua M. Wyatt, Esq. (Bar No. 18603)
111 Amherst Street
Manchester, NH 03101
(603) 669-1000
dwill@devinemillimet.com
jshirley@devinemillimet.com
jwyatt@devinemillimet.com

**CERTIFICATE OF SERVICE**

I, Jonathan M. Shirley, hereby certify that a copy of the foregoing Plaintiff's Final Pretrial Statement was this day served via the Court's Electronic Filing System on counsel for the defendant.

/s/ Jonathan M. Shirley
Jonathan M. Shirley