**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>BAE Systems Information
and Electronics Systems
Integration, Inc.</u>

    v.                                                        Civil No. 10-cv-370-LM

<u>SpaceKey Components, Inc.</u>

**O R D E R**

In an order dated April 22, 2013, the court granted judgment as a matter of law to: (1) BAE on SpaceKey's claim for breach of warranty (Count Four of SpaceKey's counterclaim); (2) BAE on its claim for breach of contract (Count IV of BAE's amended complaint); (3) BAE on SpaceKey's claim for breach of contract (Count One of SpaceKey's counterclaim); and (4) SpaceKey on BAE's request for a declaratory judgment that SpaceKey is not entitled to fees under the parties' consulting agreement (a portion of Count II of BAE's amended complaint). Before the court is SpaceKey's motion for reconsideration. BAE objects. SpaceKey's motion for reconsideration is denied, largely for the reasons stated in BAE's objection. That said, SpaceKey raises one issue that merits brief attention.

In its previous order, the court stated that "SpaceKey . . . has cited no opinion in which a court has determined that

the purpose of a <u>refund</u> remedy is to provide the buyer with conforming goods . . . ."  Order (doc. no. 134) 16 (emphasis in the original).  As SpaceKey points out in its motion for reconsideration, the court's statement is incorrect.  In its show-cause briefing, SpaceKey cited an unpublished opinion in which the court of appeals stated:

> The essential purpose of a refund remedy does not differ from the essential purpose of a remedy that provides for either refund or replacement.  Both are intended to ensure that the buyer will receive a conforming product within a reasonable time, whether the seller repairs the nonconforming product, replaces it, or refunds the purchase price so that the buyer can obtain a conforming product elsewhere.

<u>Arias/Root Eng'g v. Cinn. Milacron Mktg. Co.</u>, 945 F.2d 408 (table decision), 1991 WL 190114, at *4 (9th Cir. Sept. 25, 1991).  So, contrary to the court's statement, SpaceKey did cite an opinion in which a court determined that the purpose of a refund remedy is to ensure that the buyer receives a conforming product.  That said, the court's error is inconsequential for at least two reasons.

   First, this case does not involve a refund remedy.  Rather, the question here was whether a return-for-credit remedy failed of its essential purpose.  Given the question presented in this case, it is difficult to see how the error SpaceKey identified had any bearing on the ruling that SpaceKey now challenges.

2

Second, after saying that a refund remedy is "intended to ensure that the buyer will receive a conforming product," 1991 WL 190114, at *4, the Arias/Root court explained that such a result would come about when the buyer uses its refund to "obtain a conforming product elsewhere," id. Here, of course, it is undisputed that BAE is the sole source of Actel legacy FPGAs. Therefore, even if the parties had agreed to a refund remedy, the essential purpose of that remedy, under the circumstances of this case, could not have been to ensure that SpaceKey would receive a conforming product, because no such product was available from any other source. Moreover, there is no reasonable argument to be made that the essential purpose of the return-for-credit remedy in this case was to ensure that SpaceKey received a conforming product. Rather, when SpaceKey contracted with BAE, it knew that BAE was the sole source of Actel legacy FPGAs and had not yet produced any of them. Based upon that knowledge, the parties allocated the risk that BAE would be unable to produce conforming FPGAs in the manner reflected in their agreement. Given the foregoing, one thing is certain: notwithstanding the fact that the refund remedy in Arias/Root may have allowed the buyer in that case to obtain conforming goods, the essential purpose of the return-for-credit

3

remedy in this case was not, and could not have been, to ensure that SpaceKey received conforming goods.

In sum, SpaceKey has identified an error in the court's previous order, but given the circumstances of this case, there is nothing in <u>Arias/Root</u> to support SpaceKey's contention that the return-for-credit remedy it never attempted to use failed of its essential purpose. Plainly, that remedy would not have provided SpaceKey with conforming FPGAs, but providing Spacekey with conforming FPGAs was never the essential purpose of the remedy to which the parties agreed. Because the order that SpaceKey asks the court to reconsider included the error described above, but was not "<u>based on</u> a manifest error of fact or law," LR 7.2(e) (emphasis added), SpaceKey's motion for reconsideration, document no. 135, is denied.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

July 19, 2013

cc: Jonathan M. Shirley, Esq.
    Jeffrey C. Spear, Esq.
    Daniel E. Will, Esq.
    Joshua M. Wyatt, Esq.